IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-141-BO

SHAHNAZ POURSAIED,          )
                            )
                Plaintiff,  )
                            )
v.                          )          O R D E R
                            )
THE WAVERLY APARTMENT HOMES )
and UNLIMITED RECOVERY,     )
                            )
                Defendants. )

This cause comes before the Court defendants' motions to dismiss. Also before the Court are plaintiff's motion for sanctions and motion for summary judgment. The appropriate responses have been filed and the matters are ripe for ruling. For the reasons that follow, this action is dismissed.

## BACKGROUND

Plaintiff, proceeding *pro se*, filed this action against the owner operator of the apartment complex where plaintiff lives and a towing company. Plaintiff's claims arise from the towing of her new car from the parking lot of her apartment as well as generator noise present in plaintiff's apartment. Plaintiff alleges that she had to pay $160.00 to release her car which had been jailed among many cars, that generator noise in her apartment building wakes her regularly throughout the night, that the whole situation makes plaintiff feel helpless and causes anxiety, and that defendants have violated her human rights by controlling plaintiff's very basic right. Plaintiff alleges that jurisdiction in this Court is based on a violation of Sec. 12-7005, violation of G.S. 20-

219.2, violation of health and safety standards by landlord, violation of privacy, and discrimination, violation of human right.

## DISCUSSION

Defendants have each moved to dismiss under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a claim for lack of subject matter jurisdiction. When subject matter jurisdiction is challenged, the plaintiff has the burden of proving jurisdiction to survive the motion. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647-50 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Papasan v. Allain*, 478 U.S. 265, 283 (1986). When acting on a motion to dismiss under Rule 12(b)(6), "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir.1993). A complaint must allege enough facts to state a claim for relief that is facially plausible. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

I. Motions to dismiss.

"Federal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), and "the facts providing the court jurisdiction must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999). This Court has subject matter jurisdiction over cases arising under the Constitution, laws,

2

or treaties of the United States, 28 U.S.C. § 1331, and over matters in controversy between parties diverse of citizenship, the value of which exceed $75,000. 28 U.S.C. § 1332.

Plaintiff alleges violations of state law on the face of her complaint. *See* N.C. Gen. Stat. § 20-219.2 (relating to the removal of unauthorized vehicles from private lots); Raleigh, N.C. Mun. Code § 12-7005, https://library.municode.com/nc/raleigh/codes/code_of_ordinances? (pre-towing requirements for removal of abandoned or nuisance vehicles). However, she has failed to allege, either in her complaint or in her other filings, that the parties to this action are of diverse citizenship. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (complete diversity between all plaintiffs and all defendants required for diversity jurisdiction). Rather, plaintiff has indicated in her complaint that both she and defendants are citizens of North Carolina, defendants assert that they are citizens of North Carolina in their motions to dismiss, and plaintiff has failed to rebut such assertion. Thus, this Court cannot exercise diversity jurisdiction over plaintiff's state law claims.

Plaintiff has also failed to allege a federal question to support jurisdiction under § 1331. Plaintiff has not implicated the Constitution, laws, or treaties of the United States in her complaint. Although she complains of discrimination, she expressly disavows that she has been discriminated against on the basis of her race or nationality. [DE 1 at 5]. Her conclusory allegations that her basic human rights have been violated and that she has been controlled by the owners of her apartment complex fail to sufficiently state a federal question to support this Court exercising jurisdiction over plaintiff's claims. While the Court must construe the claims alleged in plaintiff's *pro se* complaint liberally, it cannot conjure up issues or claims not fairly presented by the plaintiff. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).

As there is no basis for this Court exercising subject matter jurisdiction over plaintiff's claims, they are properly dismissed.

II.     Motions for sanctions and summary judgment.

Plaintiff seeks sanctions against defendant Unlimited Recovery based on her assertion that she did not receive a copy of its motion to dismiss. It appears that counsel for defendant used an incorrect zip code in plaintiff's mailing address and that plaintiff received a copy of the motion to dismiss via email upon request. Sanctions under Fed. R. Civ. P. 11(c) are unwarranted in this instance; plaintiff has further failed to comply with the rule's procedural requirements, providing an additional basis for denial of the motion. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 389 (4th Cir. 2004) ("The party seeking sanctions must serve the Rule 11 motion on the opposing party at least twenty-one days before filing the motion with the district court, and sanctions may be sought only if the challenged pleading is not withdrawn or corrected within twenty-one days after service of the motion."). Finally, as this Court lacks subject matter jurisdiction over plaintiff's complaint, her motion for summary judgment must be denied.

## CONCLUSION

For these reasons, defendants' motions to dismiss [DE 16 & 20] are GRANTED. Plaintiff's motion for sanctions [DE 19] and motion for summary judgment [DE 29] are DENIED. The clerk is DIRECTED to enter judgment accordingly and close the file.

SO ORDERED, this _8_ day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4