IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-141-BO

| | |
|---|---|
| SHAHNAZ POURSAIED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE WAVERLY APARTMENT HOMES ) <br> and UNLIMITED RECOVERY, ) <br> ) <br> Defendants. ) | O R D E R |

This cause comes before the Court on plaintiff's *pro se* request to reappear after a case dismissal, which the Court construes liberally as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Defendants have responded to the motion and the matter is ripe for ruling. For the reasons that follow, plaintiff's motion is denied.

## DISCUSSION

By order entered September 8, 2017, this Court granted defendants' motions to dismiss and dismissed plaintiff's complaint in its entirety. [DE 30]. On September 28, 2017, plaintiff filed the instant motion. In her motion, plaintiff states that she received the dismissal of her case after she was released from the hospital. Plaintiff cites further instances of what she has characterized as violations of her basic human rights, such as noise from the flushing of a toilet in the apartment above her own, and asks that the Court be her advocate for an end to torture inflicted upon her by defendants. [DE 32].

In order to succeed on a motion pursuant to Federal Rule of Civil Procedure 59(e), the movant must demonstrate that the judgment under reconsideration should be altered or amended.

The Fourth Circuit has identified three circumstances that justify altering or amending a judgment: (1) to incorporate an intervening change in the law, (2) to incorporate new evidence which was unavailable when the court made its decision, and (3) to rectify a clear legal error or prevent manifest injustice. *See Bogart v. Chappell*, 396 F.3d 548, 555 (4th Cir. 2005) (citing *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1996)).

Plaintiff has proffered no basis which would justify altering or amending the judgment. Liberally construing her motion to argue that dismissal of her cause would result in a manifest injustice, plaintiff has nonetheless failed to convince the Court that its judgment should be altered.

## CONCLUSION

Plaintiff's motion [DE 32] is therefore DENIED.

SO ORDERED, this 5 day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE